**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**SAMUEL & STEIN**
David Stein (DS 2119)
38 West 32nd Street
Suite 1110
New York, New York 10001
(212) 563-9884
dstein@samuelandstein.com

Attorneys for Plaintiff, Individually
and on behalf of all others similarly
situated

| | |
|---|---|
| Sucre Nunez, on behalf of himself and all other persons similarly situated, | |
| Plaintiff, | DOCKET NO. 19-cv-362 |
| - vs. – | **COMPLAINT** |
| Broadway Beauty Wholesale Inc., Musthafa Kamal, and John Does #1-10, | |
| Defendants. | |

Plaintiff Sucre Nunez, by and through his undersigned attorneys, for his complaint against defendants Broadway Beauty Wholesale Inc., Musthafa Kamal, and John Does #1-10, alleges as follows, on behalf of himself and on behalf of all other persons similarly situated:

## NATURE OF THE ACTION

1.    Plaintiff Sucre Nunez alleges on behalf of himself and on behalf of other similarly situated current and former employees of defendants Broadway Beauty Wholesale Inc.,

Musthafa Kamal, and John Does #1-10, who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that they are entitled to: (i) unpaid wages from defendants for overtime work for which they did not receive overtime premium pay as required by law, and (ii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., because defendants' violations lacked a good faith basis.

2.   Mr. Nunez further complains that he is entitled to (i) compensation for wages paid at less than the statutory New York minimum wage; (ii) back wages for overtime work for which defendants willfully failed to pay overtime premium pay as required by the New York Labor Law §§ 650 et seq. and the supporting New York State Department of Labor regulations; (iii) liquidated damages pursuant to New York Labor Law for these violations; and (iv) statutory damages for defendants' violation of the Wage Theft Prevention Act.

<u>**THE PARTIES**</u>

3.   Sucre Nunez is an adult individual residing in the Bronx, New York.

4.   Mr. Nunez consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b); his written consent is attached hereto and incorporated by reference.

5.    Upon information and belief, defendant Broadway Beauty Wholesale Inc. ("Broadway Beauty") is a New York corporation with a principal place of business at 28 West 28th Street, New York, New York.

6.    At all relevant times, defendant Broadway Beauty Wholesale Inc. has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 207(a).

7.    Upon information and belief, at all relevant times, defendant Broadway Beauty has had gross annual revenues in excess of $500,000.00.

8.    Upon information and belief, at all relevant times herein, defendant Broadway Beauty has used goods and materials produced in interstate commerce, and has employed at least two individuals who handled such goods and materials.

9.    Upon information and belief, at all relevant times, defendant Broadway Beauty has constituted an "enterprise" as defined in the FLSA.

10.    Upon information and belief, defendant Musthafa Kamal is an owner or part owner and principal of defendant Broadway Beauty, who has the power to hire and fire employees, set wages and schedules, and maintain their records.

11.   Defendant Musthafa Kamal was involved in the day-to-day operations of defendant Broadway Beauty and played an active role in managing the businesses.

12.   Defendants constituted "employers" of Mr. Nunez as that term is used in the Fair Labor Standards Act and New York Labor Law.

## JURISDICTION AND VENUE

13.   This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367.   In addition, the Court has jurisdiction over plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

14.   Venue is proper in this district pursuant to 28 U.S.C. § 1391 because defendants' business is located in this district.

## COLLECTIVE ACTION ALLEGATIONS

15.   Pursuant to 29 U.S.C. § 207, Mr. Nunez seeks to prosecute his FLSA claims as a collective action on behalf of a collective group of persons defined as follows:

> All persons who are or were formerly employed by defendants in the United States at any time since December 26, 2015, to the entry of judgment in this case (the "Collective Action Period"), who were retail employees, and who were not paid overtime compensation at rates at least one-and-one-half times the regular rate of pay for hours worked in

excess of forty hours per workweek (the "Collective Action Members").

16.   The  Collective  Action  Members  are  similarly situated to Mr. Nunez in that they were employed by defendants as non-exempt retail employees, and were denied premium overtime pay for hours worked beyond forty hours in a week.

17.   They  are  further  similarly  situated  in  that defendants had a policy and practice of knowingly and willfully refusing to pay them overtime.

18.   Mr. Nunez and the Collective Action Members perform or performed the same or similar primary duties, and were subjected to the same policies and practices by defendants.

19.   The exact number of such individuals is presently unknown, but is known by defendants and can be ascertained through appropriate discovery.

**<u>FACTS</u>**

20.   At all relevant times herein, defendants owned and operated a retail drugstore in Manhattan.

21.   Mr. Nunez was employed at Broadway Beauty from approximately August 2003 through August 2018.

22.   Mr. Nunez was employed as a retail sales clerk.

23.   Mr. Nunez's work was performed in the normal course of defendants' business and was integrated into the business

of defendants, and did not involve executive or administrative responsibilities.

24. At all relevant times herein, Mr. Nunez was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

25. Mr. Nunez worked a regular schedule of six days per week during his employment at Broadway Beauty, working every day except Sunday.

26. Mr. Nunez regularly worked 9½ hours per day throughout his employment, for a total of about 57 hours per week.

27. Defendants generally provided an attendance sheet for employees to use, but employees were required to sign it only at the beginning of their shifts, not at the end, so defendants did not track the actual hours employees worked.

28. Mr. Nunez was paid on a salary basis throughout his employment.

29. When his employment began, he was paid $350 per week, but he got several raises during his employment.

30. By about 2014 he was making $500 per week, and in about 2015 he began receiving $1,040 every two weeks - $540 by check and $500 in cash.

31.  In 2016 he was making $1,100 every two weeks – $600 by cash and $500 by check, and in 2017 he began receiving $1,140 every two weeks, consisting of $840 cash and $300 check.

32.  Mr. Nunez was originally paid solely in cash, but starting in about 2014 he began being paid by a combination of cash and check. Defendants would generally pay him by cash or check in alternating weeks.

33.  When he got checks, Mr. Nunez would receive paystubs; those paystubs did not list his hours worked and did not reflect the cash payments he was also receiving.

34.  The amount of pay that Mr. Nunez received did not vary based on the precise number of hours that he worked in a week.

35.  As a result, commencing in about 2017, Mr. Nunez's effective rate of pay was below the statutory New York minimum wages in effect at applicable times.

36.  Defendants' failure to pay Mr. Nunez amounts at least equal to the New York state minimum wage in effect during relevant time periods was willful, and lacked a good faith basis.

37.  In addition, defendants failed to pay Mr. Nunez any overtime "bonus" for hours worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law,

and the supporting New York State Department of Labor regulations.

38.   Defendants' failure to pay Mr. Nunez the overtime bonus for overtime hours worked was willful, and lacked a good faith basis.

39.   Defendants failed to provide Mr. Nunez with a written notice, in his native language of Spanish, providing the information required by the Wage Theft Prevention Act – including, *inter alia*, defendants' contact information, his regular and overtime rates, and intended allowances claimed – and failed to obtain his signature acknowledging the same, upon his hiring or at any time thereafter, in violation of the Wage Theft Prevention Act.

40.   Defendants failed to provide Mr. Nunez with accurate weekly records of his regular and overtime compensation and hours worked, in violation of the Wage Theft Prevention Act.

41.   Upon information and belief, throughout the period of Mr. Nunez's employment and continuing until today, defendants have likewise employed other individuals like plaintiff (the Collective Action Members) in positions at defendants' store that required little skill, no capital investment, and with duties and responsibilities that did not

include any managerial responsibilities or the exercise of independent judgment.

42.  Defendants applied the same employment policies, practices, and procedures to all Collective Action Members, including policies, practices, and procedures with respect to the payment of minimum wages and overtime.

43.  Upon information and belief, defendants have failed to pay these other individuals at a rate at least equal to the minimum wage, in violation of the New York Labor Law.

44.  Upon information and belief, these other individuals have worked in excess of forty hours per week, yet defendants have likewise failed to pay them overtime compensation of one-and-one-half times their regular hourly rate in violation of the FLSA and the New York Labor Law.

45.  Upon information and belief, these other individuals were not provided with required wage notices, or compliant weekly wage statements, as specified in New York Labor Law §§ 195.1, 195.3, and the Wage Theft Prevention Act.

46.  Upon information and belief, while defendants employed plaintiff and the Collective Action members, and through all relevant time periods, defendants failed to maintain accurate and sufficient time records or provide accurate records to employees, and failed to post or keep

posted notices explaining the minimum wage and overtime pay rights provided by the FLSA or New York Labor Law.

## COUNT I

### (New York Labor Law – Minimum Wage)

47.  Mr. Nunez repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

48.  At all relevant times, Mr. Nunez was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

49.  Defendants willfully violated the rights of Mr. Nunez by failing to pay him compensation in excess of the statutory minimum wage in violation of the New York Labor Law §§ 190-199, 652 and their regulations.

50.  Defendants' failure to pay compensation in excess of the statutory minimum wage was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

51.  Due to defendants' New York Labor Law violations, Mr. Nunez is entitled to recover from defendants his unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## <u>COUNT II</u>

### <u>(Fair Labor Standards Act - Overtime)</u>

52.  Mr. Nunez, on behalf of himself and all Collective Action Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

53.  At all relevant times, defendants employed Mr. Nunez and each of the Collective Action Members within the meaning of the FLSA.

54.  At all relevant times, defendants had a policy and practice of refusing to pay overtime compensation to their employees for hours they worked in excess of forty hours per workweek.

55.  As a result of defendants' willful failure to compensate their employees, including Mr. Nunez and the Collective Action Members, at a rate at least one-and-one-half times the regular rate of pay for work performed in excess of forty hours per workweek, defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

56.  The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

57.  Due to defendants' FLSA violations, Mr. Nunez and the Collective Action Members are entitled to recover from defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT III

### (New York Labor Law - Overtime)

58.  Mr. Nunez repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

59.  At all relevant times, Mr. Nunez was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

60.  Defendants willfully violated the rights of Mr. Nunez by failing to pay him overtime compensation at rates at least one-and-one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek in violation of the New York Labor Law §§ 650 et seq. and its supporting regulations in 12 N.Y.C.R.R. § 142.

61.  Defendants' failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

62.  Due to defendants' New York Labor Law violations, Mr. Nunez is entitled to recover from defendants his unpaid

overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT IV

### (New York Labor Law — Wage Theft Prevention Act)

63.  Mr. Nunez repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

64.  At all relevant times, Mr. Nunez was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

65.  Defendants willfully violated the rights of Mr. Nunez by failing to provide him with valid wage notices required by the Wage Theft Prevention Act when he was hired, or at any time thereafter.

66.  Defendants willfully violated the rights of Mr. Nunez by failing to provide him with complaint weekly wage statements required by the Wage Theft Prevention Act at any time during his employment.

67.  Due to defendants' New York Labor Law violations relating to the failure to provide compliant paystubs, Mr. Nunez is entitled to recover from the defendants statutory damages of $100 per week through February 26, 2015, and $250

per day from February 27, 2015 through the end of his employment, up to the maximum statutory damages.

68. Due to defendants' New York Labor Law violations relating to the failure to provide wage notices, Mr. Nunez is entitled to recover from the defendants statutory damages of $50 per week through February 26, 2015, and $50 per day from February 27, 2015 to the termination of his employment, up to the maximum statutory damages.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Nunez respectfully requests that this Court grant the following relief:

a. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and appointing plaintiff and his counsel to represent the Collective Action members;

14

b. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

c. An injunction against defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

d. A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

e. Compensatory damages for failure to pay the minimum wage pursuant to the New York Labor Law;

f. An award of liquidated damages as a result of defendants' willful failure to pay statutory overtime compensation pursuant to 29 U.S.C. § 216;

g. Liquidated damages for defendants' New York Labor Law violations;

h. Statutory damages for defendants' violation of the New York Wage Theft Prevention Act;

i. Back pay;

j.  Punitive damages;

k.  An award of prejudgment and postjudgment interest;

l.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

m.  Such other, further, and different relief as this Court deems just and proper.

Dated:  December 27, 2018

_____
David Stein
SAMUEL & STEIN
38 West 32nd Street
Suite 1110
New York, New York 10001
(212) 563-9884
Attorneys for Plaintiff

16

# EXHIBIT A

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Broadway Beauty Wholesale Inc., and its owners and affiliates to pay me, *inter alia*, minimum wage and overtime wages as required under state and/or federal law and also authorize the filing of this consent in the lawsuit challenging such conduct, and consent to being named as a representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning all aspects of this lawsuit.  I have been provided with a copy of a retainer agreement with the law firm of Samuel & Stein, and I agree to be bound by its terms.

Con mi firma abajo, autorizo la presentación y tramitación de reclamaciones en mi nombre y de mi parte para impugnar el fallo de Broadway Beauty Wholesale Inc., y sus propietarios y afiliados a me pagan, entre otras cosas, el salario mínimo y pago de horas extras, requerida en el estado y / o la ley federal y también autorizan la presentación de este consentimiento en la demanda contra ese tipo de conducta, y el consentimiento para ser nombrado como demandante representante en esta acción para tomar decisiones en nombre de todos los demás demandantes en relación con todos aspectos de esta demanda. Se me ha proporcionado una copia de un acuerdo de retención con la firma de abogados de Samuel y Stein, y estoy de acuerdo en estar obligado por sus términos.


Sucre Nunez


Date:  August 29, 2018